ROB BONTA, State Bar No. 202668
Attorney General of California
JANET N. CHEN, State Bar No. 283233
Supervising Deputy Attorney General
TYLER V. HEATH, State Bar No. 271478
Supervising Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA  94244-2550
 Telephone:  (916) 210-7325
 Facsimile:  (916) 324-5205
 E-mail: Tyler.Heath@doj.ca.gov
*Attorneys for Defendant Caasi*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **TILLETT,**<br><br>                     Plaintiff,<br><br>     v.<br><br>**CAASI,**<br><br>                     Defendant. | 1:24-cv-00849 EPG<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** |

   Defendant Caasi answers Plaintiff Lloyd Tillett's Complaint (ECF No. 1) below.  Except as expressly admitted, Defendant denies every other allegation in the original complaint.

**ANSWER**

   1.   In response to the allegations in Section A, "Jurisdiction," of the Form Complaint, Defendant admits that this Court has subject matter jurisdiction over this action.  Defendant admits that the institution and city where the violation is alleged to have occurred are the California Health Care Facility (CHCF) and Stockton, respectively, but Defendant denies that any violation occurred.

2.      In response to the allegations in Section B, "Defendants," of the Form Complaint, Defendant admits that he is a party in this action. Defendant admits that he is employed as a California Correctional Health Care Services (CCHCS) employee at CCHCS-Stockton in California. Defendant denies that his RN license number is #759412.

3.      In response to the allegations in Section C, "Previous Lawsuits," of the Form Complaint, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations regarding Plaintiff's previous lawsuits, and denies them on that basis.

4.      In response to the allegations in Section D, "Cause of Action Claim 1," paragraph 1 of the Form Complaint, Defendant denies violating Plaintiff's Eighth Amendment rights.

5.      In response to the allegations in Section D, "Cause of Action Claim 1," paragraph 2 of the Form Complaint, Defendant denies causing an issue with Plaintiff's medical care.

6.      In response to the allegations in Section D, "Cause of Action Claim 1," paragraph 3 of the Form Complaint, Defendant responds as follows: Defendant admits that on February 21, 2023, Plaintiff was scheduled to see a dietician at 8:30 a.m. for a telemedicine visit at CHCF-Stockton. Defendant admits that Plaintiff reported to the hospital for his visit. Defendant admits that he is a Registered Nurse (RN) and oversaw Plaintiff's telemedicine interview. Defendant denies that he made a head or hand gesture indicating that Plaintiff's pants fly was undone. Defendant admits that the dietician interview took place online. Defendant denies pressing his hands on Plaintiff's stomach, making a comment on Plaintiff's shirt, or asking Plaintiff about an erection. Defendant denies reaching into Plaintiff's pant hole or touching Plaintiff's sexual organ with latex gloves on. Defendant denies hurting Plaintiff with the ejaculation of Plaintiff's penis. Defendant denies that he "wrapped [Plaintiff's] semen in glove." Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining factual allegations in this section, and denies them on that basis.

7.      In response to the allegations in Section D, "Cause of Action Claim 1," paragraph 4 of the Form Complaint, Defendant denies the allegations.

8.      In response to the allegations in Section D, "Cause of Action Claim 1," paragraph 5 of the Form Complaint, Defendant admits that there were administrative remedies available at

Plaintiff's institution, admits that Plaintiff submitted a request for administrative relief on Claim 1, and denies that Plaintiff submitted a request for relief on Claim 1 to the highest level.

**REQUEST FOR RELIEF**

9. In response to the allegations in Section E, "Request For Relief," of the Form Complaint, Defendant denies Plaintiff is entitled to the relief requested or to relief of any kind.

**AFFIRMATIVE DEFENSES**

Defendant believes that investigation and discovery in this case will support the following separate and affirmative defenses. The affirmative defenses identified below are based on the facts and information currently known to Defendant. Defendant reserves the right to assert additional affirmative defenses as they are identified on the basis of information provided or discovered.

<u>First Affirmative Defense</u>

Defendant denies that Plaintiff has been deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California. At all times relevant herein, Defendant acted within the scope of his discretion with due care, in good-faith fulfillment of his responsibilities under applicable statutes, rules, regulations, and practices, reasonably under all circumstances known to him, and with good-faith belief that his actions comported with all applicable federal and state laws. Defendant therefore asserts qualified immunity from liability.

<u>Second Affirmative Defense</u>

To the extent that Plaintiff suffered any injuries or damages from the facts alleged in the Complaint, such injuries were the result of Plaintiff's own negligent, unlawful, or deliberate actions, and he is thereby precluded from seeking relief for such injuries or damages.

<u>Third Affirmative Defense</u>

Defendant asserts that if Plaintiff suffered any injuries or damages, Plaintiff failed to mitigate such injuries or damages, thereby precluding or limiting recovery for such injuries or damages.

<u>Fourth Affirmative Defense</u>

Defendant asserts that he did not act with malicious intent to deprive any person of any constitutional right or to cause any other injury, nor has Plaintiff pled sufficient facts to show any evil motive on the part of Defendant, and therefore Defendant is not liable for compensatory, punitive, exemplary, or any other damages.

<u>Fifth Affirmative Defense</u>

Plaintiff's claims are barred by the Prison Litigation Reform Act based on his failure to properly exhaust his administrative remedies within the prison system.

<u>Sixth Affirmative Defense</u>

To the extent Plaintiff asserts any official-capacity claims, Defendant is immune from suit for damages in his official capacity pursuant to the Eleventh Amendment of the United States Constitution.

<u>Seventh Affirmative Defense</u>

To the extent Plaintiff has previously litigated the claims or issues raised in his complaint, those claims or issues are precluded by collateral estoppel and res judicata.

Because the Complaint is couched in vague and conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable.  Accordingly, Defendant reserves the right to assert additional affirmative defenses to the extent they are applicable.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Defendant demands that this action be tried by and before a jury to the extent provided by law.

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that:

1. Judgment be rendered in favor of Defendant and against Plaintiff;

2. Plaintiff take nothing by the Complaint;

3. Defendant be awarded costs of suit and attorney's fees incurred herein; and

4. Defendant be awarded any other relief the Court may deem necessary and proper.

Dated:  December 10, 2024                    Respectfully submitted,

ROB BONTA
Attorney General of California
JANET N. CHEN
Supervising Deputy Attorney General

*/s/ Tyler V. Heath*
TYLER V. HEATH
Supervising Deputy Attorney General
*Attorneys for Defendant Caasi*

SA2024304758
38533168.docx

# CERTIFICATE OF SERVICE

Case Name:   <u>Lloyd Tillett (T70113) v. Caasi</u>   No.   <u>1:24-cv-00849 EPG</u>

I hereby certify that on <u>December 10, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>December 10, 2024</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Lloyd Rodell Tillet, T-70113
California State Prison - Corcoran
P.O. Box 3466
Corcoran, CA 93212-3466
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>December 10, 2024</u>, at Sacramento, California.

|  |  |
|---|---|
| <u>A. Zamora</u> | <u>/s/ A. Zamora</u> |
| Declarant | Signature |

SA2024304758
38614612.docx