Rob Bonta, State Bar No. 202668
Attorney General of California
Tyler V. Heath, State Bar No. 271478
Supervising Deputy Attorney General
Victoria Y. Zhang, State Bar No. 357196
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7326
 Fax: (916) 324-5205
 E-mail: Victoria.Zhang@doj.ca.gov
*Attorneys for Defendant*
*D. Caasi, R.N.*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **LLOYD TILLETT,**<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>**DANIEL JAMES CAASI,**<br><br>　　　　　　　　　　　　Defendant. | 1:24-cv-00849 EPG (PC)<br><br>**DEFENDANT'S OBJECTIONS TO COURT ORDER REQUIRING PARTIES TO EXCHANGE DOCUMENTS**<br><br>Judge:　　　The Honorable Erica P. Grosjean<br>Trial Date:　Not Set<br>Action Filed: July 23, 2024 |

Defendant Caasi hereby objects to paragraphs 1(c) and 1(g) of the Court's Discovery Order Requiring Parties to Exchange Documents (ECF No. 24) on the grounds that the documents responsive to paragraphs 1(c) and 1(g) are protected from disclosure under the official-information privilege and California Code of Regulations, Title 15, sections 3321 and 3450(d). (Declaration of E. Campos (Campos Decl.) at ¶ 5.).

Specifically, the documents that Defendant objects to producing are the confidential investigations conducted following Plaintiff's filing of a grievance regarding his allegation that he was sexually assaulted on February 21, 2023. The confidential investigations were labeled Grievance Allegation Inquiry Log No. N-AIU-CHCF-4928-23 and PREA investigation Case No.

1

CHCF-PREA-23-04-026, and have been Bates Labeled AGO CONF. 001-084.[1] The investigations include confidential interviews with the Plaintiff and Defendant, notes regarding information the investigators gathered from other staff members (AGO CONF. 002-003), the investigator's photographs of the room where the alleged incident occurred and impressions regarding those photographs (*Id*. at 002-003), the placement and availability of audio-visual recording devices in particular parts of the prison (*Id*. at 002, 004, 041), and notes regarding the investigators' impressions and analysis of the information reviewed as part of the investigations, as well as the process the investigator followed in conducting the investigations' (*Id*. at 001-005, 017-019, 020-029, 045, 053-057, 059-061, 073, 078-080). The documents also include significant personal identifying information, personnel records (*Id*. at 035, 037, 039), confidential medical information (*Id*. at 051-052, 075-076), and confidential information gathered during the investigation (*Id*. at 046-050, 053-054, 067-071, 081-082, 083). As discussed in the supporting Declaration submitted with these objections, Defendant objects to the production of these investigations and the witness statements included with the investigations because the documents contain information that would reveal techniques used to investigate inmates and parolee complaints against staff. Disclosure of the confidential interviews with the subjects of the investigation and any other staff would undermine the effectiveness of investigations into staff misconduct, as witnesses, although admonished to be truthful and candid, would be more reluctant to candidly provide information if they knew the information would be disclosed. Moreover, the disclosure of the allegations contained in the investigations, as well as the statements made in the interviews, could subject the staff and inmates involved to ridicule or retaliation.[2] This is a particular concern with allegations of sexual misconduct. The photographs of the scene and the investigator's notes regarding those photographs, as well as the notes

---

[1] Defendant is producing non-confidential copies of documents that are included in Grievance Allegation Inquiry Log No. N-AIU-CHCF-4928-23 and PREA investigation Case No. CHCF-PREA-23-04-026, including a copy of Plaintiff's relevant grievance and letter regarding his allegations.

[2] Plaintiff does not have the ability to possess, store, or play audio-visual recordings of interviews.

2

Def.'s Obs. To Ct. Order Requiring Parties to Exchange Docs.  (1:24-cv-00849 EPG (PC))

regarding the availability of audio-visual recording equipment, could be used to plan future misconduct or evade detection. (*See* Campos Decl. at ¶¶ 7-13.)

There is no guarantee that disclosure to Plaintiff, even under a protective order, would not result in the distribution of the materials to the inmate population. The knowledge that Plaintiff possesses the documents and recordings could open Plaintiff up to pressure to disclose it to other inmates or it could be taken without Plaintiff's knowledge. (Campos Decl. at ¶¶ 7-9.) Accordingly, Defendant objects to the production of these documents to Plaintiff.

As required by paragraph 6 of the Court's Scheduling Order (ECF No. 23), Defendant has emailed to the Court copies of the withheld documents for *in camera* review, and will provide Plaintiff with a privilege log of the documents within 30 days as required by the Court's Discovery and Scheduling Order.

Dated: April 8, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
TYLER V. HEATH
Supervising Deputy Attorney General

*/s/ Victoria Y. Zhang*
VICTORIA Y. ZHANG
Deputy Attorney General
*Attorneys for Defendant*
*D. Caasi, R.N.*

SA2024304758
38878029.docx

3

Def.'s Obs. To Ct. Order Requiring Parties to Exchange Docs.  (1:24-cv-00849 EPG (PC))