Rob Bonta, State Bar No. 202668
Attorney General of California
Tyler V. Heath, State Bar No. 271478
Supervising Deputy Attorney General
Victoria Y. Zhang, State Bar No. 357196
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7326
  Fax: (916) 324-5205
  E-mail: Victoria.Zhang@doj.ca.gov
*Attorneys for Defendant
D. Caasi, R.N.*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| LLOYD TILLETT,<br><br>                Plaintiff,<br><br>v.<br><br>DANIEL JAMES CAASI,<br><br>                Defendant. | 1:24-cv-00849 EPG (PC)<br><br>**DECLARATION OF E. CAMPOS IN SUPPORT OF DEFENDANT'S OBJECTIONS TO COURT ORDER REQUIRING PARTIES TO EXCHANGE DOCUMENTS** |

I, E. Campos, declare:

1. I am employed by the California Department of Corrections and Rehabilitation ("CDCR") as a Correctional Counselor II at California Health Care Facility (CHCF), and I currently serve as the Litigation Coordinator at CHCF. As the Litigation Coordinator, I serve as the liaison between CHCF, the courts, inmates, and attorneys involved in all litigation brought by CHCF inmates or against CHCF staff. If called to testify in this action, I could and would

1

competently testify to the matters set forth in this declaration. I submit this declaration in support of Defendant's Objections to Court Order Requiring Parties to Exchange Documents.

2. I am authorized to access, obtain, and review internal confidential documents concerning inmate complaints against prison staff and have done so for documents related to the Plaintiff's sexual assault allegation that allegedly occurred at CHCF on February 21, 2023.

3. The Office of the Attorney General informed me that the Court has asked Defendant to produce certain documents central to the dispute with Plaintiff, including "Witness statements and evidence that were generated from investigation(s) related to the event(s) at issue in the complaint, such as an investigation stemming from the processing of Plaintiff's grievance(s);" and "Video recordings and photographs related to the incident(s) at issue in the complaint, including video recordings and photographs of Plaintiff taken following the incident(s), if any, and photographs of the telemedicine room where the appointment occurred following the alleged incident; and audiorecorded interviews of Plaintiff and Defendant."

4. An Allegation Inquiry Unit (AIU) investigation and PREA investigation were conducted into Plaintiff's allegations of sexual assault by Defendant on February 21, 2023 following Plaintiff's filing of institutional Grievance Log No. 262259. These investigations were labeled Grievance Allegation Inquiry Log No. N-AIU-CHCF-4928-23 and PREA investigation Case No. CHCF-PREA-23-04-026.

5. Certain materials and information are classified as confidential by CDCR and CHCF, and are maintained as such. These materials include documents reflecting investigations of complaints against staff members, which constitute "confidential documents" within the meaning of Title 15, section 3321 of the California Code of Regulations. Maintaining the confidentiality of these materials and information means that they are restricted from viewing by inmates, certain staff, or the public because the primary objectives of CDCR and its institutions are to protect the public by safely housing persons, including California's most violent criminal offenders, committed to the custody of CDCR.

6. I am familiar with CDCR's confidentiality practices relating to confidential documents and the numerous ways in which the disclosure of confidential information would

2

Decl. E. Campos in Supp. of Def.'s Objs. to Ct. Order Requiring Parties to Exchange Docs (1:24-cv-00849 EPG (PC))

seriously threaten and undermine the safety and security of CDCR institutions, staff, and inmates. For the reasons discussed below, Plaintiff's retention and possession of documents from the confidential AIU and PREA investigations and supporting documentation present risks to the safety and security of the facility, inmates, and the public.

7. Should Plaintiff obtain possession of the relevant AIU and PREA investigation documents, there is no way to guarantee that this documentation will not be disclosed to individuals other than Plaintiff. Plaintiff could directly pass a copy of this documentation to others. Additionally, it is possible that the investigation documentation could be inadvertently disclosed, as inmates do not have the level of personal privacy necessary to prevent unauthorized disclosure of papers within their possession. For example, many inmates in CDCR custody are assigned to double occupancy cells. In such a circumstance, an inmate's cellmate would have access to any items, including litigation materials, kept in the cell. Further, it is possible for another inmate, other than one's cellmate, to gain access to their cell.

8. Moreover, inmates such as Plaintiff are routinely subject to intense pressure from other inmates, including prison gang members, to disclose private information they may learn about others, including other inmates and CDCR staff. Inmates who obtain physical copies of confidential information are at risk from other inmates who may use force to obtain it, endangering the security of the correctional facilities and the safety of other inmates and staff. As such, I believe there is no way to protect the AIU or PREA documentation from deliberate or inadvertent disclosure to third parties so long as this documentation is in Plaintiff's possession.

9. These investigative documents contain information that would reveal techniques used to investigate inmate and parolee complaints against staff and the types of corrective measures taken as a result of such investigations. If an uncontrolled number of inmates and parolees had access to this type of information, they would have the tools to sabotage staff attempts to deal with disruptive conduct and to undermine investigations into alleged misconduct. Inmates could use this information to manipulate staff or set them up for disrespect or even unwarranted discipline. Disclosure of this type of information could also substantially undermine staff's ability to control violent disturbances effectively and with minimal force. Disclosure could also impair

3

staff morale and authority by potentially subjecting staff to inmate ridicule. This would make recruiting qualified staff to work at California's prisons difficult and reduce their effectiveness in controlling the inmate population. Disclosure could also reveal the names of informants and subject them to inmate retaliation. Even if the most sensitive information were redacted, Plaintiff's possession could harm CDCR's abilities to investigate threats to the institution in the future, as other inmates or staff may be less willing to candidly discuss sensitive matters with investigators if they believe there is a chance that their statements could later be disclosed to the inmate population at large, thus undermining the effectiveness of these investigations.

10. Specifically, the confidential AIU and PREA documents here contain confidential interviews and statements that were given by individuals under the understanding that the statements would be confidential. If the summaries, transcriptions, and/or recordings of these interviews are regularly disclosed, it may undermine the willingness of individuals to be fully earnest and forthcoming in their statements. Moreover, the sensitive subject matter of the allegations made in the AIU and PREA investigations here, as well as the interviews conducted into the allegations, could result in ridicule and retaliation against the subjects interviewed. This is a risk whether the allegations are substantiated or unsubstantiated.

11. The confidential AIU and PREA documents here also contain information regarding the investigator's process, including the documents reviewed, the investigator's notes and impressions regarding the documents reviewed, the investigator's impression of the area where the alleged incident occurred, discussions with other individuals during the investigation process, and information regarding the availability or non-availability of audio-visual recordings and the positioning of audio-visual equipment. It also contains the investigator's analysis, impressions, and conclusions regarding materials reviewed. All this information could be valuable in assisting individuals in evading detection of misconduct or sabotage staff efforts to investigate misconduct.

12. The confidential AIU and PREA documents here also contain photographs of the area where the alleged incident took place. If released to the inmate population, those photos could be used to plan future misconduct in the subject areas.

4

Decl. E. Campos in Supp. of Def.'s Objs. to Ct. Order Requiring Parties to Exchange Docs (1:24-cv-00849 EPG (PC))

13. The confidential AIU and PREA documents here also contain personally identifying information of staff that should not be disclosed to the public or inmate population.

14. For these reasons, I believe that Plaintiff's possession of Grievance Allegation Inquiry Log No. N-AIU-CHCF-4928-23 investigation documents and PREA Case No. CHCF-PREA-23-04-026 investigation documents could pose a danger to CHCF inmates, staff, and the public.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3rd day of April, 2025.

E. CAMPOS
Correctional Counselor II, Litigation Coordinator
California Correctional Healthcare Facility, Stockton

SA2024304758
38891723.docx

5

Decl. E. Campos in Supp. of Def.'s Objs. to Ct. Order Requiring Parties to Exchange Docs (1:24-cv-00849 EPG (PC))