UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD TILLETT,<br><br>  Plaintiff,<br><br>v.<br><br>DANIEL JAMES CAASI,<br><br>  Defendant. | Case No. 1:24-cv-00849-EPG (PC)<br><br>ORDER OVERRULING IN PART DEFENDANT'S OBJECTION TO PRODUCTION OF DOCUMENTS<br><br>(ECF No. 27) |

Plaintiff Lloyd Tillett is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on July 23, 2024. (ECF No. 1). The case is proceeding on Plaintiff's Eighth Amendment claim against Defendant Cassi for sexual harassment or abuse of an inmate by a prison official. (ECF No. 9). Plaintiff alleges that defendant Caasi touched him in a sexual manner without a valid medical or penological purpose. (*Id.*, at 4.)

Now before the Court are Defendant's Objections to Court Order Requiring Parties to Exchange Documents (ECF No. 27), which claims that all documents related to the institution's investigation into Plaintiff's grievance should be withheld from production.

Having reviewed the documents submitted for *in camera* review, the Court finds that Defendant's objections to production is overruled in part.

\\\

\\\

1

## I. BACKGROUND

This case proceeds on Plaintiff's Eighth Amendment sexual assault claim against defendant Daniel James Caasi, a CCHCS (California Correctional Health Care Services) employee and a Registered Nurse.

The Court opened discovery on January 31, 2025. (ECF No. 24). To secure the just, speedy, and inexpensive disposition of this action, the Court directed the parties to exchange certain documents, including "[w]itness statements and evidence that were generated from investigation(s) related to the event(s) at issue in the complaint, such as an investigation stemming from the processing of Plaintiff's grievance(s)." (ECF No. 24, at 2.) The Court cited Supreme Court precedent stating that "proper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved." *See Woodford v. Ngo*, 548 U.S. 81, 94–95 (2006).

On April 8, 2025, Defendant filed Objections to Court Order Requiring Parties to Exchange Documents. (ECF No. 27). In that document, Defendant objects to production of all documents gathered as part of the investigation into Plaintiff's grievance regarding his allegation that he was sexually assaulted on February 21, 2023, including the interviews with the Plaintiff and Defendant Cassi, information gathered from other staff members, investigator's photographs of the room where the alleged incident occurred and impressions regarding those photographs, the placement and availability of audio-visual recording devices in parts of the prison, and notes regarding the investigators' impressions and analysis of the information reviewed as part of the investigation, as well as the process the investigator followed in conducting the investigations. (ECF No. 27, at p. 2). In particular, Defendant objects to production of witness statements "because the documents contain information that would reveal techniques used to investigate inmates and parolee complaints against staff," and disclosure of such techniques "would undermine the effectiveness of investigations into staff misconduct, as witnesses, although admonished to be truthful and candid, would be more reluctant to candidly provide information if

2

they knew the information could be disclosed." (ECF No. 27, at p. 2). Defendant also claims that photographs of the scene and notes regarding the availability of audio-visual recording equipment could be used to plan future misconduct or evade detection. (ECF No. 27, at p. 3).

Defendant also submitted the Declaration of E. Campos, the Litigation Coordinator at CHCF. That declaration describes the search for documents responsive to the Court's order, the documents located related to the institution's investigation of Plaintiff's allegations, and the institution's designation of all documents as confidential. It also describes the risk that such documents could be given to other inmates, and the concern that disclosure would reveal investigation techniques and types of corrective measures, which could be used to "sabotage staff attempts to deal with disruptive conduct and to undermine investigations into alleged misconduct." (ECF No. 27-1).

Defendant sent the withheld documents to the Court for *in camera* review, and provided Plaintiff and the Court with a privilege log of the documents, as required by the Court's Discovery and Scheduling Order. Specifically, Defendant submitted the following documents for *in camera* review: the Allegation Investigation Unit Internal Affairs Administrative Investigation Report (AGO CONF 001-043), the Allegation Investigative Unit Closure (*Id.* at 044), the Watch Commander Notification Checklist (*Id.* at 045), the Survey of Sexual Victimization (*Id.* at 046-050), the Mental Health Referral Chrono (*Id.* at 051-052), the Prison Rape Elimination Act Custody Supervisor Checklist (*Id.* at 053-054), the Allegation Inquiry into PREA Allegations Log (*Id.* at 055-057), the Confidential Memo to AIMS (*Id.* at 058-061), the Inmate Photograph, Inmate Bed Assignment, and Inmate Disability Information (*Id.* at 062-065), the Survey of Sexual Victimization Incident Form (*Id.* at 066-071), the Initial Notification and Mental Health Referral Chrono (*Id.* at 072-076), the Commander and Custody Supervisory Checklists and Protection Against Retaliation (*Id.* at 077-082), and Recorded Witness Interviews (*Id.* at 083-084). (ECF No. 28).

II.  **LEGAL STANDARDS**

Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Questions of privilege in federal civil rights cases are governed by federal law. Fed.

R. Evid. 501; *Kerr v. U.S. Dist. Ct. for N. Dist. of California*, 511 F.2d 192, 197 (9th Cir. 1975), *aff'd*, 426 U.S. 394 (1976).

The "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) . . . is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure." *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975) (citations omitted). The Ninth Circuit has since followed *Kerr* in requiring in camera review and a balancing of interests in ruling on the government's claim of the official information privilege. *See, e.g.*, *Breed v. U.S. Dist. Ct. for N. Dist. of Cal.*, 542 F.2d 1114, 1116 (9th Cir. 1976) ("[A]s required by *Kerr*, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'") (quoting *Kerr*, 426 U.S. at 406; *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033–34 (9th Cir. 1990) ("Government personnel files are considered official information. To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery.") (internal citations omitted).

## III. ANALYSIS

The Court has reviewed the documents provided for *in camera* review with these legal standards in mind, and finds that Defendant's objections as to certain portions of these documents should be overruled.

Notably, the Court's discovery order required Defendant to produce "[w]itness statements and evidence that were generated from investigation(s) related to the event(s) at issue in the complaint, such as an investigation stemming from the processing of Plaintiff's grievance(s), if any," and noted that "Defendant(s) only need to produce documents such as a Confidential Appeal Inquiry or a Use of Force Critique to the extent those documents contain witness statements related to the incident(s) alleged in the complaint and/or evidence related to the incident(s) alleged in the complaint that will not be provided to Plaintiff separately." (ECF No. 24, at p. 2). The documents submitted for *in camera* review include such witness statements and evidence, including the following:

- AGO CONF. 003: summary of interview of Plaintiff Lloyd Tillet on October 2, 2023.

- AGO CONF. 004: summary of interview of Daniel Caasi
- AGO CONF. 007: Letter from Plaintiff Tillet regarding report of misconduct by Caasi
- AGO CONF. 009-013: Letter from Plaintiff to Office of Internal Affairs regarding allegation of misconduct by Caasi
- AGO CONF. 017-018: sections entitled "PREA Allegation" and "Investigation" summarizing interview with Tillet regarding allegation against Caasi and information regarding where Tillet was housed from June 9, 2022 through the date of the allegation.
- AGO CONF. 021-034: photographs taken of the room where the incident is alleged to have occurred
- AGO CONF. 043: Copy of Article 44, Prison Rape Elimination Policy, revised May 19, 2020
- AGO CONF. 063: Photograph of Tillet
- AGO CONF. 064: Bed Assignments of Tillet from 5/6/2016-4/15/2023
- AGO CONF. 065: DDP Disability/Accommodation Summary

These documents, or portions of documents, contain direct evidence regarding the incident in this case, including contemporary witness accounts of the event from the Plaintiff and Defendant in this case, photographs of the room where the incident is alleged to take place, and related evidence regarding Plaintiff's location at that time. Such evidence is directly relevant to this case, and could be used as evidence at summary judgment or trial in this matter.

The Court has also evaluated Defendant's objections and finds that the risks identified in those objections do not outweigh the benefits that disclosure of these documents, or portions of documents, would have to this case. The summaries of the interviews are short and straightforward, and do not reveal any confidential techniques that could undermine the effectiveness of such investigations in the future. Moreover, the Court is only requiring production of the summaries of the interviews themselves, and not any related discussion or evaluation of those summaries that could reveal the institution's techniques or impressions. Nor does the Court agree that disclosing such interviews would cause witnesses in the future to be less truthful in similar investigations. On the contrary, the fact that witness statements may be used

5

later in court would seem to encourage candor in such situations.  The Court also does not see a basis for Defendant's claim that disclosure could subject staff and inmates to ridicule or retaliation, especially given that Plaintiff has now filed a public lawsuit making these same allegations.  The Court has also examined the photographs included and does not find any information that could lead to future misconduct.  Rather, those photographs merely show the Plaintiff and the location of the alleged incident.

Thus, the Court finds that disclosure of these documents, or portions of documents, would promote the truth-finding process because they contain details of the parties' actions and statements recorded close to the time that the relevant events occurred. *See Woodford*, 548 U.S. at 94–95. These benefits of disclosure outweigh the potential disadvantages contended by the Defendant. *See Sanchez,* 936 F.2d at 1033-34.

The Court also overrules Defendant's objection to production of the audio of the interviews of the Plaintiff and Tillett regarding this incident.  Again, such recordings are direct and highly relevant evidence of the incident in question, and could be used as evidence at summary judgment or trial in this case.  Nor does the Court believe that potential risks identified by Defendant's outweigh the benefits of such disclosure.[1]

The Court sustains Defendant's objection to production of the remaining materials, which include internal process documents such as notification of rights and scheduling of interviews as well as the institution's internal evaluations and findings from that investigation.  Such internal evaluations are not direct evidence of what occurred, and thus the potential risks from disclosure outweigh the benefit to the case.

Moreover, the Court sustains Defendant's objection to production of any personal information regarding the staff who assisted in the investigation, because such information is not relevant to the case.  Thus, to the extent the documents listed above contain any personal information about staff who conducted the investigation, that information may be redacted.

\\\
\\\

---

[1] To the extent Plaintiff is unable to obtain and review such files for safety and security reasons in custody, Defendant may make available these recordings for Plaintiff's review, and facilitate the filing of such documents with the Court if requested by Plaintiff in connection with future proceedings.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's objection to production of documents (ECF No. 27) is overruled in part.  No later than 30 days from the date of this order, Defendant shall provide the following documents to Plaintiff, with appropriate redactions described below:

- AGO CONF. 003: summary of interview of Plaintiff Lloyd Tillet on October 2, 2023.
- AGO CONF. 004: summary of interview of Daniel Caasi
- AGO CONF. 007: Letter from Plaintiff Tillet regarding report of misconduct by Caasi
- AGO CONF. 009-013: Letter from Plaintiff to Office of Internal Affairs regarding allegation of misconduct by Caasi
- AGO CONF. 017-018: sections entitled "PREA Allegation" and "Investigation" summarizing interview with Tillet regarding allegation against Caasi and information regarding where Tillet was housed from June 9, 2022 through the date of the allegation.
- AGO CONF. 021-034: photographs taken of the room where the incident is alleged to have occurred
- AGO CONF. 043: Copy of Article 44, Prison Rape Elimination Policy, revised May 19, 2020
- AGO CONF. 063: Photograph of Tillet
- AGO CONF. 064: Bed Assignments of Tillet from 5/6/2016-4/15/2023
- AGO CONF. 065: DDP Disability/Accommodation Summary

These documents may be produced in redacted form to remove any personal information regarding the investigation staff.  Moreover, only the portions of the documents described above, containing direct evidence and summary of witness accounts of the incident, shall be produced. Defendant may redact the institution's description of the process, analysis, and conclusions of investigating staff.

Defendant shall also make the following data files available for Plaintiff to review, and coordinate the filing of such evidence with the Court in the future upon request of Plaintiff:

- Recorded witness interviews of Plaintiff and Defendant, identified on AGO CONF 083-084.

1  Additionally, Defendant shall file a notice of compliance with the Court concurrently with
2  production to Plaintiff.
3
4  IT IS SO ORDERED.

5  Dated:   **May 28, 2025**                    /s/ Erica P. Grosjean
6                                        UNITED STATES MAGISTRATE JUDGE

8