UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LLOYD R. TILLETT,

Plaintiff,

v.

DANIEL JAMES CAASI,

Defendant.

1:24-cv-00849-KES-EPG (PC)

FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT BE DENIED

(ECF No. 43)

OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS

Plaintiff Lloyd R. Tillett is a state prisoner proceeding *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.[1]

Following screening of Plaintiff's complaint on October 3, 2024, this case proceeds on Plaintiff's Eighth Amendment sexual assault claim against Defendant Caasi. (ECF No. 9).

On April 15, 2026, after the deadlines for non-expert discovery and dispositive motions had passed and the Court had scheduled pretrial and trial dates, Plaintiff filed a motion for leave to file an amended complaint. (ECF Nos. 43, 43-2). Plaintiff seeks to add twenty-four new defendants, both known and unknown, including: (1) State of California Department of

[1] Plaintiff initially filed this action *pro se* on July 23, 2024. (ECF No. 1). Plaintiff's counsel filed a notice of appearance on October 14, 2025. (ECF No. 38).

Corrections and Rehabilitation ("CDCR"); (2) California Correctional Health Care Services ("CCHCS"); (3) Gena Jones as Warden of the California Health Care Facility ("CHCF") in Stockton, California; (4) Dr. Sandra Hernandez as Health Care Chief Executive Officer at the CHCF; (5) Doe defendants 1-10 who "were the agents, officers, and/or directors of Defendant CDCR and were employed as correctional officers, sergeants, lieutenants, nurses, doctors, psychologists, social workers, pharmacists and therapists and/or civilian employees working at CHCF"; and (6) Doe defendants 11-20 who "were the agents, officers, and/or directors of Defendant CCHCS and were employed as correctional officers, sergeants, lieutenants, nurses, doctors, psychologists, social workers, pharmacists and therapists and/or civilian employees working at CHCF." (ECF No. 43-2 at 3). Plaintiff also seeks to add new state law causes of action for negligence and intentional infliction of emotional distress. (*Id.* at 17-22). Plaintiff also seeks to re-open discovery.

For the following reasons, the Court recommends that Plaintiff's motion for leave to file an amended complaint (ECF No. 43) be DENIED.

## I. BACKGROUND

Plaintiff's current complaint asserts an Eighth Amendment claim for sexual assault against Defendant Daniel James Caasi, a CCHCS employee and a registered nurse. (ECF No. 1 at 2-3). In relevant part, Plaintiff alleges that, while incarcerated at the CHCF, he had a tele-med appointment with a dietician on February 21, 2023. (*Id.*). Defendant Caasi was overseeing the tele-med interview and escorted Plaintiff into an office that was set up as an examination room with a television monitor. When the interview was over, Plaintiff alleges Defendant sexually assaulted him in the examination room. (*Id.* at 3).

The Court screened the complaint on October 3, 2024 (ECF No. 9) and issued a Scheduling Order setting the non-expert discovery deadline for October 1, 2025 and the dispositive motion filing deadline for October 31, 2025. (ECF No. 23).

On September 2, 2025, the Court granted the parties' request for a brief extension due to the inability to take Plaintiff's deposition. (ECF No. 35). The Court extended the deadline for non-expert discovery until October 31, 2025 and extended the deadline to file dispositive

motions until December 1, 2025. (*Id.*).

Plaintiff's counsel entered an appearance on October 14, 2025. (ECF No. 38).[2] The parties filed a stipulation seeking a 90-day extension of the non-expert discovery deadline. (ECF No. 39). The Court approved the stipulation and extended non-expert discovery to January 29, 2026 and the dispositive motion deadline to March 2, 2026 (ECF No. 40).

The parties did not file a dispositive motion, and the Court issued a Second Scheduling Order setting the expert disclosure deadline for April 15, 2026, the pretrial conference for July 13, 2026, and the jury trial for October 20, 2026. (ECF No. 41).

Plaintiff filed his motion for leave to file an amended complaint on April 15, 2026. (ECF No. 43).

Following a stipulation by the parties (ECF No. 49), and in light of the pending motion for leave to file an amended complaint (ECF No. 43), the Court vacated the deadlines for pretrial statements, briefing on the motion for attendance of incarcerated witnesses, and the dates for the pretrial conference and trial, ordering them to be reset after the Court's ruling on Plaintiff's motion for leave to amend the complaint (ECF No. 50).

## II. PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT

### A. Plaintiff's Motion to Amend

In his motion for leave to file an amended complaint, Plaintiff asserts that he "seeks to amend his complaint in good faith to add the responsible defendants, conduct targeted discovery and allow Plaintiff a fair opportunity to resolve his case on the merits." (ECF No. 43, at p. 6). Plaintiff's amended complaint seeks to add twenty-four defendants, including four new named defendants (CDCR, CCHCS, Warden of CHCF, and Chief Executive Officer at CHCF), and twenty new Doe defendants. Plaintiff also states that "[t]he First Amended Complaints addition of the two (2) Defendants and two (2) theories of liability naturally require further non-expert and expert discovery to allow the parties to fully litigate and support their

---

[2] Plaintiff's counsel represents another plaintiff in a separate case similarly accusing Defendant Caasi of sexual assault. (ECF No. 43 at 4; *see also Brooks v. Caasi*, No. 2:23-CV-00294-JDP (PC) (E.D. Cal. Feb. 2, 2023)).

respective positions." (ECF NO. 46, at p. 1). Plaintiff's proposed amended complaint generally alleges that there was "systemic misconduct by CDCR/CHCF custody and medical staff, negligence, and intentional infliction of emotional distress." (ECF No. 46, at p. 2).

Plaintiff notes this is his first motion to amend the complaint and argues that because he told defense counsel in January of 2026 that he intended to amend his complaint at some point, Defendant is not prejudiced by now adding new claims and parties to the action. (*Id.* at 4).

**B. Defendant Caasi's Opposition**

Defendant Caasi filed his brief in opposition on May 8, 2026. (ECF No. 45). Defendant Caasi argues that Plaintiff's motion was filed after undue delay since expert discovery has closed. Defendant also argues that the motion was filed in bad faith because the proposed new claims were not exhausted through the Government Claims Act (*id.* at 19-20), the CDCR and CCHCS are immune from suit (*id.* at 16-18), and Plaintiff has not stated sufficient facts for his supervisory claims against Hernandez, Jones, and Doe defendants 1-20 (*id.* at 21-23).

Defendant Caasi argues that Plaintiff failed to act with diligence by not seeking extensions of court deadlines because Plaintiff wanted to avoid expert deadlines. (*Id.* at 13-14). Defendant Caasi further argues that the proposed amendments would be futile because (1) the Eleventh Amendment bars suits against CDCR and CCHCS; (2) CDCR and CCHCS are immune from suit for injuries to prisoners under state law; (3) Plaintiff fails to allege compliance with the California Government Claims Act; (4) Plaintiff does not appear to have exhausted his claims against the new defendants; and (5) Plaintiff failed to allege facts supporting an Eighth Amendment claim against Supervisory Defendants Jones, Hernandez, and Does. (*Id.* at 16-23).

Defendant Caasi further asserts that he would be prejudiced by permitting amendment at this stage of the case, because he would have to re-take Plaintiff's in-person deposition[3] and discovery to identify and defend 20 new Doe defendants would be extensive and costly, along

---

[3] Defendant states that Plaintiff has objected to attending depositions via teleconference due to his alleged PTSD. (*Id.* at 16).

with discovery to defend against two new causes of action. (*Id.* at 13-16).

**C. Plaintiff's Reply Brief to Defendant Caasi's Opposition**

In his reply brief, Plaintiff denies that Defendant Caasi will suffer any undue prejudice because (1) Plaintiff has always alleged facts supporting his new claims of negligence and intentional infliction of emotional distress, and (2) CDCR and/or CCHCS have access to video, records, and documents pertaining to the new defendants and new causes of action so additional discovery would not be onerous. (ECF No. 46 at 3).

Plaintiff argues that CDCR and CCHCS are not generally immune from prisoner sexual assault claims because sexual assault constitutes a violation of the Eighth Amendment. (*Id.* at 6). Plaintiff argues that he has identified an independent statutory basis for violation of the Prison Rape Elimination Act ("PREA") and therefore may seek to impose liability on CDCR and CCHCS for its employees' conduct. (*Id.* at 7).

Plaintiff next argues that he was not required to file a government claim related to his new causes of action because § 1983 claims are exempt from the California Government Claims Act. Plaintiff further asserts generally that he faced retaliation after reporting sexual assault, which inhibited him from exhausting all of his claims. (*Id.* at 7-8).

Finally, Plaintiff argues that, no matter if the Court grants his motion to amend, Plaintiff will still seek to re-open discovery at some time in the future to obtain ongoing investigation materials and conclusions by non-party Department of Consumer Affairs and to conduct related discovery. (*Id.* at 3-4).

**III. LEGAL STANDARDS**

Under Rule 15(a), a party may amend a pleading once as a matter of course within twenty-one days of service, or if the pleading is one to which a response is required, twenty-one days after service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Granting or denying leave to amend is in the discretion of the Court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). “In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities.” *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). “Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint.” *Desertrain v. City of Los Angeles,* 754 F.3d 1147, 1154 (9th Cir. 2014) (citation omitted); *see also Eminence Cap., LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003) (“Prejudice is the ‘touchstone of the inquiry under rule 15(a).’”) (citation omitted).

“Although leave to amend ‘shall be freely given when justice so requires,’ Fed.R.Civ.P. 15(a), it ‘is not to be granted automatically.’” *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citations omitted). “Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.” *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018).

“[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.” *Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1016–17 (9th Cir. 1999). “Although delay is not a dispositive factor in the amendment analysis, it is relevant, especially when no reason is given for the delay.” *Lockheed Martin Corp. v. Network Sols., Inc.,* 194 F.3d 980, 986 (9th Cir. 1999) (citations omitted); *See also Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991) (an eight-month delay from time of obtaining facts until filing amended complaint is unreasonable) (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)).

**IV. ANALYSIS**

Applying these legal standards, the Court recommends denying Plaintiff’s motion for leave to file an amended complaint.

As an initial matter, the Court finds no evidence of bad faith by the Plaintiff.

The Court next considers the factor of undue delay. Plaintiff brings this motion long after his first complaint, after the close of non-expert discovery, and after the deadline for filing dispositive motions has passed. There is no question that permitting the amendment at this time will substantially delay resolution of this case.

Plaintiff attempts to justify late amendment by representing that he "recently became apprised of additional Defendants responsible for the abuse Plaintiff endured." (ECF No. 46 at 2). However, Plaintiff does not support this conclusory statement with any citation to evidence or specific facts. Plaintiff's motion does not cite to or otherwise describe any document or evidence he recently discovered that indicates that prison officials knew of Defendant Caasi's conduct or were otherwise responsible for that conduct. Plaintiff's proposed amended complaint is similarly devoid of specific facts supporting his allegation that any of the newly added defendants are responsible for this conduct. Instead, the amended complaint states conclusions such as "[o]n information and belief, Defendants JONES, HERNANDEZ and DOES 1-20 had actual and/or constructive knowledge that CAASI had previously engaged and continued to engage in sexual misconduct that posed a pervasive and unreasonable risk of constitutional injuries to Plaintiff…." (ECF No. 43-2 at 14). Additionally, twenty of the newly named defendants are unknown Doe Defendants.

Thus, the Court does not find that the delay in filing this amended complaint is justified based on the recent discovery of evidence indicating additional defendants were responsible for defendant Caasi's conduct. Rather, it appears that Plaintiff seeks to amend his complaint and open discovery in an attempt to determine whether prison administrators were aware of Defendant Caasi's conduct. For example, Plaintiff intends to seek all other grievances made by non-parties concerning allegations against Defendant Caasi and to obtain the investigation materials and conclusions by non-party Department of Consumer Affairs and then pursue further discovery from those materials. (ECF No. 46 at 3-4, 9).

Thus, the Court finds that the factor of undue delay weighs against amendment.

Next, the Court finds that amendment at this time would clearly be prejudicial to current Defendant Caasi. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)

(holding that, in granting leave to amend, "the consideration of prejudice to the opposing party [] carries the greatest weight"). This motion for leave to amend has already resulted in vacating the pretrial and trial dates. This case has been pending since July of 2024. Granting Plaintiff's motion would require reopening discovery, identifying Doe defendants, serving those defendants who may then take their own discovery, and resetting all other deadlines. The delay could be years.

Moreover, the Court finds that amendment would be futile. First, neither CDCR nor CCHCS is a "person" subject to suit under § 1983, and both are entitled to Eleventh Amendment immunity. *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) ("The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies."); *Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999) ("[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court"); *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) ("State agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute."). Accordingly, CDCR and CCHCS would not be proper defendants in this case.

Next, Plaintiff describes defendants Jones and Hernandez as acting in a "supervisory capacity," but Plaintiff provides no specific information about these defendants. Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009); *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Hansen v. Black*,

885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

As to Doe defendants 1-20, Plaintiff not only fails to cite any facts about Doe defendants and their conduct, but Plaintiff's proposed amended complaint identifies Doe defendants so broadly as to potentially encompass every CDCR and CCHCS employee. For example, Plaintiff alleges "…at all relevant times, DOES 1-10 were the agents, officers, and/or directors of Defendant CDCR and were employed as correctional officers, sergeants, lieutenants, nurses, doctors, psychologists, social workers, pharmacists and therapists and/or civilian employees working at CHCF" and "at all relevant times, DOES 11-20 were the agents, officers, and/or directors of Defendant CCHCS and were employed as correctional officers, sergeants, lieutenants, nurses, doctors, psychologists, social workers, pharmacists and therapists and/or civilian employees working at CHCF…." (ECF No. 43-2 at 4).

Again, while Plaintiff states that he has located the persons in the prison responsible for this conduct, the proposed amended complaint lacks specific factual allegations about these defendants. Plaintiff does not allege any facts in support of the statement that they were responsible. He does not specifically allege facts indicating any of the defendants had actual knowledge of Defendant Caasi's conduct. Instead, it appears that Plaintiff seeks to amend his complaint in order to learn whether anyone at the prison was aware of this conduct and failed to take action to address it. However, at this time, Plaintiff's complaint fails to allege sufficient facts to demonstrate that the new defendants were liable for Defendant Cassi's conduct. *Iqbal*, 556 U.S. at 678 (detailed factual allegations not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice") (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Next, Plaintiff seems to conflate negligence and intentional infliction of emotional with constitutional claims under § 1983. (ECF No. 46) However, negligence and intentional infliction of emotional distress are state law claims. *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009) (identifying elements of negligence under California law); *Avina v. United States*, 681 F.3d 1127, 1131 (9th Cir. 2012) (describing elements of intentional infliction of emotional

distress under California law). The Government Claims Act requires that a claim against the State[4] or its employees "relating to a cause of action for death or for injury to person" be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995); *State v. Super. Ct. of Kings Cty. (Bodde)*, 32 Cal.4th 1234, 1245 (Cal. 2004). To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act. *Bodde*, 32 Cal.4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 627 (9th Cir. 1988).

Here, Plaintiff has not argued compliance with the Government Claims Act. While Plaintiff asserts generally that he faced retaliation by CDCR/CCHCS staff (ECF No. 46 at 8), he does not argue that he attempted to file, or was prevented from filing, a separate claim under the Government Claims Act.

Because Plaintiff has not alleged facts demonstrating that he complied with, or excusing his compliance with, the presentation requirement for his state law claims, Plaintiff cannot pursue his state tort claims and amendment would be futile.

Thus, after consideration of the relevant factors, the Court recommends denying Plaintiff's motion for leave to file an amended complaint.

**V. CONCLUSION AND RECOMMENDATION**

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's motion for leave to file an amended complaint (ECF No. 43) be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within

[4] "'State' means the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller." Cal. Gov't Code § 900.6.

**thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 21, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE